a duty to another can place himself in a situation which gives him a bias against the discharge of that duty. *Coll. on Part.* § *178 and n. (3);* §§ *179, 182, 185, 186, 189; Crawshay* v. *Colins, 15 Ves. 227; 3 Kent's Com. (5th ed.) 52 n.; Story on Part. 177, 181; Peacock* v. *Peacock, 16 Ves. 51.*

PER CURIAM.

This decree unanimously affirmed, for the reasons given by Vice-Chancellor Van Fleet in *Todd* v. *Rafferty, 5 Stew. Eq. 256.*

---

THE MAYS LANDING WATER POWER COMPANY, appellant,

*v.*

DANIEL E. ISZARD et al., respondents.

---

*Mr. P. L. Voorhees,* for appellant.

I. The grant by which the power in this case was granted, must be construed by the words of the grant as expressing the intentions of the parties, and cannot be extended. *Ang. on Water Courses* §§ *149, 390; Ashley* v. *Pease, 18 Pick. 268, 275; Garland* v. *Hodson, 46 Me. 511; Washb. on Ease. 277, (1st ed.); Tourtelott* v. *Phelps, 4 Gray 370; Sibley* v. *Hoar, Id. 222; De Witt* v. *Harvey, Id. 486; Pratt* v. *Lamson, 3 Allen 283; Deshon* v. *Porter, 38 Me. 289; Strong* v. *Benedict, 5 Conn. 210; Shed* v. *Leslie, 22 Vt. 498; Society* v. *Low, 2 C. E. Gr. 19; Bischoff* v. *Wethered, 9 Wall. 813; Betts* v. *Menzies, 4 B. & S. 996; Bridge Proprietors* v. *Hoboken Co., 1 Wall. 116; S. C., 2 Beas. 81, 593.*

II. The defendant is not entitled to specific performance as decreed in this case. *Fry on Spec. Perf.* §§ *256, 608, 616, 639,*

*649, 730, 737; King* v. *Morford, Sax. 274, 278; Harrett* v. *Yielding, 2 Sch. & Lef. 549; Heaphy* v. *Hill, 2 Sim. & Stu. 29; Watson* v. *Reid, 2 Russ. & Myl.; Dirk* v. *Porter, 38 Me. 289; Henry* v. *Bellew, 9 N. H. 282; Ang. on Water Courses* § *149; 2 Stew. Dig. 1014 and cases.*

*Mr. W. E. Potter,* for respondent.

I. *Status* of the parties before this court: Abraham L. Iszard, the complainant below, September 5th, 1872, was in the possession and use of an easement and water-power fed from the pond of appellant, at Mays Landing.

He held the same under a grant from Jeremiah Stull, through and under whom the appellant derives its title to said pond and water-head. Stull's grant to Iszard was made April 14th, 1849.

Before appellant became seized thereof, which was September 17th, 1867, the pond, or water-head, had been owned by ten different persons besides Stull.

On the 5th of September, 1872, Iszard had owned, possessed and used the easement and water-power spoken of for twenty-three years, paying his rent promptly, undisturbed by any of the owners of the pond.

On said last-mentioned day, without warning, the appellant, with actual force, took and held possession of the entrance to Iszard's trunk or flume, and of the canal which fed the same; soon after, filled up the forebay there, and subsequently built a stone wall across said canal and completely closed it.

Since that day no water has entered the flume, which has fallen to decay and is ruined; the business of Iszard has been blocked, and large damages have been sustained by him.

The action of the appellant may be properly characterized as a forcible, high-handed outrage, without the shadow of justification, excuse or palliation.

The appellant stands in no position to ask any consideration from a court of equity.

II. The appellant justifies its action by contending:

(*a*) That Iszard, under the grant from Stull, had no right to use the water flowing through his flume for any purpose other than to drive the fan of a cupola iron furnace.

(*b*) That Iszard used more water than he had the right to use. These contentions will be considered in their order :

*First.* The contention that Iszard was confined to any particular use of the water, save those uses which he covenanted against, is *res adjudicata* against the appellant. *Luttrell's Case, 4 Coke 86; Cromwell v. Selden, 3 Comst. 253; Pratt v. Lampson, 2 Allen 275; Bigelow v. Battel, 15 Mass. 313; Loverin v. Walker, 44 N. H. 489;* in this state, by the decision of this court, March term, 1881, in *Johnston v. Hyde, 6 Stew. Eq. 632.*

*Second.* The contention of the appellant that on September 5th, 1872, Iszard was using more water through his trunk or flume than he had a right to use, is untenable :

(*a*) Because the grant as originally made, when read as a whole, was of an undetermined quantity of water.

A certain number of square inches is mentioned, which, upon the contingency of the necessity of Iszard's business, was to be indefinitely increased.

The instrument granting the easement, by its terms, therefore, left something to be done by the parties thereto to fix or measure the quantity of water to which Iszard was entitled.

A standard of measurement was actually adopted by Stull and Iszard.

The quantity of water Iszard was and is entitled to use is measured by the trunk, flume, forebay and wheel constructed by Iszard, in Stull's presence, under his eye, and with his assent, and is the quantity actually used by Iszard for twenty-three years, until the flow thereof was cut off by the appellant, September 5th, 1872. *1 Greenl. Evid. § 301, note 2; 1 Washb. R. P. 673, 682; Johnson v. Jaqui, 12 C. E. Gr. 526, 529; Kennedy v. Scovel, 12 Conn. 317; Salem Falls Manuf. Co. v. Portsmouth Co., 46 N. H. 249.*

(*b*) Because, if Iszard had not the right under his grant from Stull, to use the quantity of water, as measured by the standard agreed upon between them, then his possession and use thereof

was adverse from the moment it began ; it was open, notorious, continuous, exclusive, and, September 5th, 1872, had continued for more than twenty years.

It had, therefore, at that time, ripened into an easement, which the statute barred the appellant from disturbing by re-entry or otherwise. *Society &c.* v. *Holsman, 1 Hal. Ch. 122 ; Society &c.* v. *Low, 2 C. E. Gr. 19, 28.*

Cases as to adverse user. *1 Stew. Dig. 342.*

III. Even if appellant's contentions were in all things sound, their action cannot be justified here, and we are entitled to a restoration of the *status quo.*

IV. The relief prayed for in the bill and granted by the decree appealed from, is the only remedy adequate to the proper relief of the complainant below.

V. The following authorities are referred to, bearing upon the general doctrine of specific performance or relief analogous to that prayed in the bill of complaint. *1 Story's Eq. Jur.* §§ *7, 15, 716, p. 679 ; Gariss* v. *Gariss, 1 C. E. Gr. 82 ; Locander* v. *Lounsberry, 9 C. E. Gr. 417 ; Hopper* v. *Hopper, 1 C. E. Gr. 147.*

The following authorities hold that courts of equity ought not to decline the jurisdiction of specific performance or analogous relief, whenever the remedy at law is doubtful in its nature, extent, operation or adequacy. *Story's Eq. Jur. vol. I.* § *728 pp. 692, 693 ; Id,* § *751 ; Storer* v. *Gt. Western R. R., 2 Y. & Coll. N. R. 48, 53 ; Kilmorney* v. *Thackeray, 2 Bro. C. C. 65 ; Cheale* v. *Kerward, 2 De G. & J. 27 ; Stuyvesant* v. *Mayor &c. 11 Paige 414 ; Shimer* v. *Morris Canal & B. Co., 12 C. E. Gr. 364 ; New Barbadoes Toll Bridge Co.* v. *Vreeland, 3 Gr. Ch. 157, 160.*

PER CURIAM.

This decree unanimously affirmed, for the reasons given by the chancellor in *Iszard* v. *Mays Landing Water Power Co., 4 Stew. Eq. 511.*